**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **FRANCISCO J. CASTANEDA,** § | |
| Plaintiff, § | |
| § | |
| § | Cause No. EP-22-CV-283-KC |
| § | |
| **YVONNE ROSALES, LILY STROUD,** § | |
| **and PENNY HAMILTON,** § | |
| Defendants. § | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ACCEPTING THE REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE, AND DISMISSING PLAINTIFF'S
CIVIL RIGHTS COMPLAINT**

Francisco J. Castaneda, state prisoner number 1620126 proceeding *pro se* and *in forma pauperis*, seeks damages from Defendants through a civil rights complaint brought pursuant to 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 9. He alleges Defendants—current and former prosecutors with the District Attorney's Office for El Paso County, Texas—violated his civil rights during the criminal proceedings brought against him for capital murder. Pl.'s Compl., ECF No. 9 at 2–3. He also moves for an extension of time to file an amended complaint. Pl.'s Mot., ECF No. 30. His motion is denied—and his complaint is dismissed—for the following reasons.

**BACKGROUND**

Castaneda is a 40-year-old state prisoner serving a life sentence without parole. *See* Texas Department of Criminal Justice, Inmate Information Details, https://inmate.tdcj.texas.gov/InmateSearch/ (search for TDCJ No. 01620126) (last visited Aug. 21, 2023). He is currently incarcerated at the J. Dale Wainwright Unit in Lovelady, Texas. *Id.*

Castaneda was convicted by a jury on January 8, 2010, for the capital murder of a three-year-old child, Jacqueline Gonzalez. *Castaneda v. Lumpkin*, EP-22-CV-282-KC, 2022 WL

17724418, at *1 (W.D. Tex. 2022). On appeal, he argued the evidence was legally and factually insufficient to support his conviction, the trial court erred by denying his motion to suppress evidence found during a warrantless search of another's vehicle, and the trial court erred by admitting into evidence an interview with a child witness because it violated his constitutional right to confront and cross-examine the witness. *Castaneda v. State*, No. 08-10-00050-CR, 2011 WL 4490960, at *1 (Tex. App.—El Paso Sept. 28, 2011, pet. ref'd). His arguments were rejected—and his conviction was affirmed—by the Eighth Court of Appeals on September 28, 2011. *Id.* at *12. His petition for discretionary review was refused by the Court of Criminal Appeals on March 30, 2012. *Id.* at *1.

Castaneda filed his first state application for a writ of habeas corpus challenging his conviction on May 29, 2013. *Ex parte Castaneda*, No. WR-80,285-01, 2014 WL 969990 (Tex. Crim. App. Mar. 12, 2014). He claimed, among other things, "that trial counsel rendered ineffective assistance because he would not allow [him] to testify at trial." *Id.* at *1. His petition was denied on July 23, 2014, by the Court of Criminal Appeals without a written order on the findings of the trial court. *Castaneda*, 2022 WL 17724418, at *1. Castaneda submitted a second state writ application on June 8, 2022. *Id.* His petition was dismissed without written order as a subsequent habeas application, pursuant to Texas Code of Criminal Procedure article 11.07, § 4(a)-(c), on August 3, 2022. *Id.*

Castaneda filed a federal petition for a writ of habeas corpus in this Court on August 10, 2022. *Id.* He claimed, among other things, his indictment was invalid and void. *Id.* at *1. He maintained his petition was timely because he was actually innocent. *Id.* His petition was denied after the Court determined that his claims were time barred and that he had not presented any

2

reliable new evidence to establish he was actually innocent. *Id*. at *4. His motion for a certificate of appealability was subsequently denied by the Fifth Circuit Court of Appeals. *Castaneda v. Lumpkin*, No. 23-50051, 2023 WL 4744926, at *1 (5th Cir. May 8, 2023). His petition for a writ of certiorari was docketed by the Supreme Court on July 26, 2023. *Id*.

Castaneda now alleges Defendants—former El Paso County District Attorney Yvonne Rosales and El Paso County Assistant District Attorneys Lily Stroud and Penny Hamilton—violated his constitutional rights during the state criminal proceedings brought against him. Pl.'s Compl., ECF No. 9 at 1–3. Specifically, he asserts his state court criminal conviction is "void, illegal and unconstitutional" because "there was no complaint, no affidavit, no jurat filed to [the] county [g]rand jury," and, for these reasons, "the trial court judge could not acquire jurisdiction over the state case." *Id*. at 2. He argues Defendants' failure to make these submissions violated Articles 2.04, 2.05, and 2.06 of the Texas Code of Criminal Procedure. *Id.* He further argues these omissions, in turn, deprived him of his rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution. *Id*. Next, Castaneda maintains Defendants are liable for providing ineffective assistance and for violating his "right to a fair impartial trial" under the Sixth Amendment because they allowed—and failed to object—to the alleged violations of the Texas Code of Criminal Procedure. *Id*. at 3. He contends this conduct violated his due process and equal protection rights—and resulted in his false imprisonment. *Id*. Finally, Castaneda claims—without further elaboration—Defendants violated his rights under the Eighth and Ninth Amendments. *Id*. For relief, Castaneda requests $1,500.00 in compensation for each day he believes he has been falsely imprisoned; additional damages in the amount of $1,000,000.00 for the alleged violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment

3

rights; and $10,400.00 for his legal and filing fees. *Id*. at 5.

Castaneda also moves for an extension of time to file an amended complaint. Pl.'s Mot., ECF No. 30.

## STANDARD OF REVIEW

A complaint filed by a prisoner proceeding *in forma pauperis* is subject to a preliminary screening under 28 U.S.C. § 1915. A complaint filed by a prisoner seeking redress from an officer or employee of a governmental entity is also subject to review under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"A complaint is frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quotations omitted). A complaint is malicious "if it repeats virtually identical claims" to another federal lawsuit previously filed by the same plaintiff. *Scroggins v. Winn Corr. Ctr.*, 693 F. App'x 343, 344 (5th Cir. 2017); *see also Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Berry*, 192 F.3d at 507 (quotation omitted).

## SCREENING

The United States Magistrate Judge to whom the Court referred this matter screened

Castaneda's complaint pursuant to 28 U.S.C. § 1915 and prepared a report and recommendation. R. & R., ECF No. 14 at 1; s*ee* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation). He recommended that the Court dismiss Castaneda's complaint as legally frivolous. R. & R., ECF No. 14 at 5. He noted that "[i]n *Heck v. Humphrey*, the Supreme Court held that a plaintiff who attacks the validity of their criminal conviction through a § 1983 claims must prove that 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.' " *Id*. (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). He observed that all of Castaneda's efforts to challenge his conviction through the state courts have failed. *Id*. at 6 (citing *Castaneda*, 2011 WL 4490960, at *12 (affirming conviction); *Castaneda v. State*, PDR No. 1567-11 (Tex. Crim. App. 2012) (denying petition for discretionary review)). He further observed that Castaneda's federal petition for a writ of habeas corpus was dismissed by this Court as time barred. *Id*. (citing *Castaneda*, 2022 WL 17724418, at *4). He accordingly concluded that Castaneda's claims in his complaint were *Heck* barred—and subject to immediate dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id*. at 7.

### OBJECTIONS TO THE REPORT AND RECOMMENDATION

Parties have fourteen days to file written objections to a magistrate judge's proposed findings, conclusions, and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1)(C); Fed. R.

Civ. P. 72(b)(3). As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, the Court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Castaneda timely objected to the report and recommendation. Obj., ECF No. 22. But he acknowledged, "[u]nder the *Heck* doctrine, a 42 U.S.C. § 1983 plaintiff seeking to recover money damages for an allegedly unconstitutional conviction . . . must prove that the conviction has either been reversed on appeal or called into question by the issuance of a writ of habeas corpus." *Id*. at 12. So, he asked for "a stay pending an outcome of his motion and certificate of appealability." *Id*.

## ANALYSIS

Castaneda's federal petition for a writ of habeas corpus was denied by this Court after it concluded his claims were time barred and found he had not presented any reliable new evidence to establish he was actually innocent. *Castaneda*, 2022 WL 17724418, at *4. His motion for a certificate of appealability was subsequently denied by the Fifth Circuit Court of Appeals. *Castaneda*, 2023 WL 4744926, at *1. His petition for a writ of certiorari was docketed by the Supreme Court on July 26, 2023—but relief is highly unlikely. *Id*. As a result, his request for a stay in these proceedings will be denied.

In addition, Castaneda asserts claims against prosecutors arising from their actions and omissions during criminal proceedings initiated against him. Pl.'s Compl., ECF No. 9 at 1–3. But prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope

of their duties in prosecuting the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("We hold . . . that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.); *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) ("A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.' ") (quoting *Imbler*, 424 U.S. at 431). "The policy underlying prosecutorial immunity [in civil rights cases] is twofold." *Singleton v. Cannizzaro*, 956 F.3d 773, 780 (5th Cir. 2020). First, "the 'special nature' of the responsibilities of those engaged in the judicial process requires that such persons be accorded absolute immunity when they participate in that process." *Marrero v. City of Hialeah*, 625 F.2d 499, 507 (5th Cir. 1980) (quoting *Butz v. Economou*, 438 U.S. 478, 511 (1978)). More importantly, "the safeguards built into the judicial system tend to reduce the need for private damage actions as a means of controlling unconstitutional conduct." *Butz*, 438 U.S. at 512. Indeed, the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971), cautions federal courts should refuse to decide questions arising from "state criminal prosecutions" in civil rights cases. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). Consequently, " 'the duties of the prosecutor in his role as advocate for the State [which] involve actions preliminary to the initiation of a prosecution' . . . are . . . entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (quoting *Imbler*, 424 U.S. at 431 n.33).

Defendants named in this case—all current or former prosecutors with El Paso County—are entitled to absolute immunity from Castaneda's claims because they clearly acted within the scope of a prosecutor's duties during the criminal proceedings against Castaneda. *See* Tex. Code Crim. Proc. Ann. art. 46B.005. Therefore, Defendants are entitled to the dismissal of

Castaneda's claims against them, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), because he seeks monetary damages from defendants who are immune from such relief.

Finally, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). As such, Texas's two-year statute of limitations for personal injury claims applies. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Piotrowski*, 237 F.3d at 576. Moreover, under Fifth Circuit precedent, the limitations period begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). In limited circumstances, "[t]he doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)). But the plaintiff bears the burden of establishing that equitable tolling applies. *Rotella v. Pederson*, 144 F.3d 892, 894–95 (5th Cir. 1998).

The Court is aware Castaneda was convicted on January 8, 2010. *Castaneda*, 2022 WL 17724418, at *1. It finds Castaneda had reason to know at the time of his trial—if his allegations are in fact true—"there was no complaint, no affidavit, no jurat filed to [the] county [g]rand jury," and "the trial court judge could not acquire jurisdiction over the state case." *See* Pl.'s Compl., ECF No. 9 at 2. The Court is also aware Castaneda constructively filed his § 1983 complaint on August 10, 2022, when he signed and presumably placed it in the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995) (explaining the prison mailbox rule applies to § 1983 complaints). Consequently, it finds Castaneda's filing occurred more than

8

12 years after his trial. It further observes Castaneda has neither addressed the statute of limitations nor suggested he is entitled to equitable tolling in his pleadings. Consequently, the Court finds the two-year statute of limitations bars Castaneda from bringing claims related to his criminal trial that he knew of—or had reason to know of—before August 10, 2020.

### CONCLUSIONS AND ORDERS

The Court—after completing a *de novo* review of those portions of the report to which Castaneda objects—overrules the objections and denies him a stay in these proceedings. The Court, after completing a plain-error review of the remaining portions of the report and recommendation, concludes the Magistrate Judge's remaining findings and conclusions are neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221. The Court accordingly concludes Castaneda's claims are *Heck* barred, time bared, and the named Defendants are all entitled to absolute immunity for their acts or omissions while prosecuting Castaneda. The Court therefore enters the following orders:

**IT IS ORDERED** that Castaneda's objections to the report and recommendation of the Magistrate Judge (ECF No. 22) are **OVERRULED**, and his request for a stay in these proceedings (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that the report and recommendation of the Magistrate Judge (ECF No. 14) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Castaneda's "Civil Rights Complaint" (ECF No. 9) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915(e)(2)(B)(iii), 1915A(b)(1), and 1915A(b)(2).

**IT IS FURTHER ORDERED** that the dismissal of Castaneda's complaint will count as

a "**STRIKE**" pursuant to 28 U.S.C. § 1915(g).[1] The Clerk will therefore provide a copy of this order to the Operations Department for the Western District of Texas. The Court **ADVISES** Castaneda that should he accumulate three strikes, he may be required to pay the full filing fee when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED this 24th day of August, 2023.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[1] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").